IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY RAY MCCAULEY, JR.                                                                    PLAINTIFF

v.                                    Civil No. 4:15-cv-04107

BILLY RAY MCCAULEY, JR.;
CURTIS ARRINGTON; TRAVON
DAVIS; and MATTEW WOODALL                                                                DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff, Billy Ray McCauley, Jr., pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this action *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's failure to respond to two Court Orders directing Plaintiff to complete an Addendum to his Complaint (ECF No. 8, 13) and Plaintiff's failure to respond to this Court's Order to Show Cause. (ECF No. 11). After thorough consideration, the Court issues this Order.

## BACKGROUND

Plaintiff originally filed this case *pro se* on November 12, 2015. ECF No. 1. In his Complaint, Plaintiff claims his constitutional rights were violated as a result of unsanitary and unsafe conditions while he was housed in the Hempstead County Detention Center in Hope, Arkansas when he filed this Complaint. ECF No. 1. Plaintiff's address of record indicates he is now incarcerated in the Arkansas Department of Correction – Ouachita River Unit in Malvern, Arkansas.

On December 21, 2015, Judge Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, directed Plaintiff to complete and return an Addendum to his Complaint (ECF No. 8) in order to assist the Court with preservice screening under the Prison Litigation Reform Act ("PLRA"). In this Order, Plaintiff was advised that if he failed to return

the completed and executed addendum by January 15, 2016 his Complaint may be dismissed for failure to prosecute and/or for failure to obey an order of the Court. ECF No. 8. Plaintiff did not respond. Judge Bryant then entered an Order to Show Cause directing Plaintiff to show cause by February 24, 2016 why he had failed to respond to the Court's December 21, 2015 Order. ECF No. 11. Again Plaintiff did not respond. On March 2, 2016 Plaintiff filed a Motion to Appoint Counsel. ECF No. 12. Judge Bryant denied this Motion on March 15, 2016.

Plaintiff made one contact with the Court, by filing the request for counsel, therefore Judge Bryant issued a second Order directing Plaintiff to file an Addendum to his Complaint. ECF No. 13. Plaintiff was again advised that failure to return the completed and executed addendum by April 18, 2016 may result in his Complaint being dismissed for failure to prosecute or for failure to obey an order of the Court. ECF No. 13. This Order was returned as undeliverable. On March 22, 2016 the Court obtained Plaintiff's address. ECF No. 14. The second Order directing Plaintiff to file an addendum (ECF No. 13) was resent to Plaintiff on March 28, 2016 and has not been returned as undeliverable. Plaintiff has not responded to the Order.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th

Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has failed to prosecute this case and has failed to comply with court orders. In total, Plaintiff has failed to respond to three of the Court's Orders (ECF No. 8, 11, and 13). As a result, the Court is unable to perform the required prescreening function required by the PLRA. Accordingly, Plaintiff's Complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Because Plaintiff has failed to comply with this Court's Orders, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41 (b).

**IT IS SO ORDERED**, this 15th day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

3